UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN LEBEOUF, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2163 |
| | § | |
| USI INSURANCE SERVICES, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Shawn LeBeouf's motion to remand this case to state court. Doc. 6. Defendants USI Insurance Services, LLC ("USI Insurance") and USI Southwest, Inc. ("USI Southwest") have responded to that motion and argued that LeBeouf cannot state a claim against the non-diverse Defendants in this case and that those Defendants therefore are improperly joined in this case. Doc. 12.

Additional documents relating to LeBeouf's motion to remand remain pending before the Court. Specifically, LeBeouf's "Objections to USI Defendants' Amended and Revised Declarations as Supplement to Defendants' Notice of Removal and Motion to Strike Same;"[1] (Doc. 15) and supplement to his original motion to remand. Doc. 25. The Court considers the arguments contained in those motions together with LeBeouf's original motion to remand.

Having considered the motions, the facts of this case, and the relevant law, the Court finds that the non-diverse Defendants in this case are joined improperly and should be dismissed. Because no non-diverse parties remain in this action, the Court denies LeBeouf's motion to remand.

---

[1] LeBeouf does not identify the specific affidavits to which he objects, but his objections appear to be to legal or factual conclusions contained in various affidavits Defendants submitted with their notice of removal (Doc. 1) and in their response to LeBeouf's motion to remand. Doc. 12.

Two motions to dismiss filed by the Defendants are also pending in this case. Docs. 33 & 38. Before reaching the issues raised in those motions, the Court finds that the dismissal of the local Defendants leaves no obvious reason why this case should remain in Texas and therefore orders that the parties submit briefs addressing the proper venue of this action. The Court postpones ruling on the merits of the pending motions to dismiss until such time as it has addressed venue.

A. Background

This case arises out of LeBeouf's employment with USI Southwest. Doc. 1-11 at 4. In his original petition, LeBeouf alleged that he entered into an employment agreement with USI Southwest on September 22, 2003. *Id.* That agreement was amended on January 1, 2006 between LeBeouf and "USI Gulf Coast, Inc." *Id.* at 4, 38. LeBeouf entered into a subsequent employment agreement on January 1, 2009. That employment agreement identified the contracting parties as LeBeouf and John D. Collado, Regional Chief Executive officer for "USI Insurance Services LLC d/b/a USI Southwest." *Id.* at 50.

LeBeouf states that during his employment, Donald P. Callais "was the Chief Executive Officer of the Houma, Louisiana office of USI and one of the Directors for USI Gulf Coast, Inc." [2] *Id.* "Cindy Lirette was initially Shawn LeBeouf's supervisor. But, from 2005 through or about April 8, 2011, Donald P. Callais was Shawn LeBeouf's supervisor. From April 8, 2011 through

---

[2] LeBeouf refers to "USI" throughout his original petition without distinguishing between the various Defendants. USI Insurance and USI Southwest identify and describe the following Defendants: "[Defendant] USI Insurance Services, LLC . . . is a Delaware limited liability company with its principal place of business in New York. Its only member is USI Holdings Corporation, which is a Delaware corporation with its principal place of business in New York. . . . [Defendant] USI Gulf Coast, Inc. . . . no longer exists, as it was merged into USI Insurance on June 30, 2008. USI Insurance is the successor-in-interest to USI Gulf Coast. . . . [Defendant] USI Southwest, Inc. . . . is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico, [Defendant] Anco Corporation is a Texas corporation. . . . Anco Corporation does business as USI Insurance Services of Texas. Anco Corporation is a subsidiary of USI Insurance. [Defendant] Anco Insurance Services of Houston, Inc. is a subsidiary of Anco Corporation. [Defendant] USI Holdings Corporation . . . [and Defendant] USI Insurance is a subsidiary of USI Holdings." Doc. 1 at 2-3.

today, President John Collado . . . has been Shawn LeBeouf's supervisor." *Id.* at 4-5. LeBeouf states that "Callais maintains direct contact with Shawn LeBeouf and day-to-day involvement in his work and contracts/customers." *Id.* at 5.

LeBeouf alleges that Callais "has engaged in a continuing pattern of malicious, hateful, abusive behavior, hostility, and harassment" towards him. *Id.* Further, "Defendants knew that Callais was abusing his position and knew that Callais was causing harm to . . . LeBeouf but failed to take any remedial action." *Id.* LeBeouf "repeatedly notified President Collado and the Human Resources team of USI of the abuse by Callais." *Id.* Therefore, LeBeouf claims, "Defendants . . . are liable for Callais' actions either directly through ratification and/or adoption or vicarious liability." *Id.*

LeBeouf filed his original petition in the 270th District Court of Harris County on May 2, 2011. In that petition, he sought a declaration that his January 1, 2009 employment agreement with USI Insurance was invalid or unenforceable and asserted claims for breach of contract, quantum meruit, unjust enrichment, a request for accounting, intentional infliction of emotional distress, defamation and business disparagement, assault, and negligent retention and supervision. *Id.* at 9-14.

On June 8, Defendants removed that action to this Court on the grounds of the Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, ad 1446. Doc. 1. In their notice of removal, Defendants contend that LeBeouf improperly or fraudulently joined the "Anco Defendants"[3] and that complete diversity therefore exists between the properly joined Defendants. *Id.* at 8. Specifically, Defendants allege that "[t]he citizenship of the Anco Defendants must be ignored because there is no reasonable basis to predict that Plaintiff might be able to recover against them." *Id.* (international citations omitted).

---

[3] Anco Corporation and Anco Insurance Services of Houston, Inc. *See* fn.1, supra.

Neither party disputes that the amount in controversy exceeds $75,000, nor that the non-Anco Defendants satisfy the requirements of complete diversity.

### B. LeBeouf's Motion to Remand

### I. Legal Standard

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ." The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG*

*Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (*quoting Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir.2003). The Fifth Circuit has made it clear that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court may determine a plaintiff's possibility of recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,*550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2),

plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

## II. Analysis

The Defendants in this case bear the burden of demonstrating that this Court has jurisdiction to hear LeBeouf's claims. *De Aguilar v. Boeing Co.*, 47 F.3d 1404. Here, Defendants contend that the Anco Defendants "have never employed Callais or Plaintiff and have no relationship to the allegations in the Petition" and that LeBeouf therefore "has no basis for recovery on any of [his] pleaded causes of action against the Anco Defendants." Doc. 1 at 8-9. The essence of Defendants' assertion is that LeBeouf has failed to state a claim against the Anco Defendants and that the Anco Defendants therefore must be dismissed.

LeBeouf's claims against the Defendants in this case are premised on the Defendants' responsibility for the actions of USI Insurance employee Callais.[4] In his motion to remand this case to state court, LeBeouf identifies three purported grounds on which he can state a claim for relief against the Anco Defendants arising out of Callais' conduct. First, LeBeouf maintains that the Anco Defendants "are necessary and real parties to this litigation" because "all Defendants act as one" and that "[b]ecause Anco-Houston is a subsidiary of Anco Corporation, which is a

---

[4] In his original petition, LeBeouf alleged that "Callais . . . engaged in a continuing pattern of malicious, hateful, abusive behavior. . . . Defendants knew that Callais was abusing his position and knew that Callais was causing harm to Shawn LeBeouf but failed to take any remedial action. . . . Defendants, as Callais' employer, are liable for Callais' actions either directly through ratification and/or adoption or via vicarious liability." Doc. 1-11 at 5.

subsidiary of USI Insurance, both of the Anco entities fall under the umbrella of USI Insurance." *Id.* at 9. Second, LeBeouf asserts that because his 2003 and 2009 employment agreements define "USI Business" to mean "any of the USI Companies" including the Anco Defendants, the Anco Defendants are parties to the employment agreement and can assert claims and rights against LeBeouf. Finally, LeBeouf contends that USI Insurance employees Collado, Loving, and Zimmerman were jointly employed by the Anco Defendants and by USI Insurance and therefore that "Defendant Anco-Houston was reportedly delegated the duty to supervise and manage USI's personnel."[5] Doc. 6 at 16.

LeBeouf's first and second arguments are meritless. Although USI Insurance's website may state that USI corporations "act as one" and present themselves as "all from one source," LeBeouf has recognized that the Anco Defendants are individual corporate entities. Nothing before the Court suggests otherwise. Defendants' decisions to market themselves as "all one company" is insufficient to establish liability on the part of a separate corporate entity for wrongful conduct committed by a corporate parent or co-subsidiary.

Contrary to LeBeouf's assertion, there is nothing before the Court indicating that LeBeouf was employed by the Anco Defendants. LeBeouf states that his 2003 and 2009 employment agreements define "USI Business" to include "businesses provided by *any of the USI Companies*" and therefore that "[t]he plain terms of USI's Employment Agreement with Plaintiff LeBeouf state that the obligations within the agreement apply to *all* of the USI entities." Doc. 6 at 11-12 (emph. in original). The 2003 Employment Agreement, however, states that it was "by and between USI Gulf Coast, Inc. dba USI Southwest . . . and Shawn LeBeouf." Doc. 6-

---

[5] In his original petition, LeBeouf states only that "LeBeouf . . . repeatedly notified President Collado and the Human Resources team of USI of the abuse by Callais." Doc. 1-11 at 5. In his motion to remand, LeBeouf clarifies that Collado, Loving, and Zimmerman "had significant roles in providing certain management and oversight regarding the business of USI Insurance" and that all three are "employed by Anco-Houston, with loving in charge of operations and Zimmerman the Human Resources department." Doc. 6 at 16.

5 at 1. That document was signed only be a representative of USI Gulf Coast, Inc. and by LeBeouf. *Id.* at 20. The 2009 Employment Agreement was "by and between USI Insurance Services LLC . . . and Shawn LeBeouf" and signed by a representative of "USI Insurance Services LLC d/b/a USI Southwest" and by LeBeouf. Doc. 6-6 at 1.

LeBeouf states that "[t]here is no question that the Anco Defendants are a party to the LeBeouf employment contracts" and that "additional discovery" will reveal whether the Anco Defendants are "agents, independent contractors, or third-party beneficiaries" under those Agreements. Because the Anco Defendants clearly are not party to LeBeouf's employment agreements and because LeBeouf has not adequately alleged that the Anco Defendants satisfy the requirements of being an "agent, independent contractor, . . . third party beneficiary," or any other party holding rights pursuant to the employment agreement, he has failed to state a claim against the Anco Defendants on this theory of liability.

LeBeouf's third theory of liability on which he hopes to proceed against the Anco Defendants is premised on the status of Collado, Loving, and Zimmerman as co-employees of Anco-Houston and USI Insurance. Doc. 6 at 16. LeBeouf asserts that "Collado . . . stated that he shared duties as the President of Anco Insurance Services of Houston, Inc. and as the Regional CEO of USI Insurance Services, LLC. . . . [Collado,] Loving, and Zimmerman are all employed by Anco-Houston . . . [and] [a]ll three act in [sic] behalf of USI Insurance in the Southwest Region." *Id.* LeBeouf appears to concede that Collado, Loving, and Zimmerman were employed by both the Anco Defendants and by USI Insurance. Defendants agree and have introduced affidavit testimony demonstrating that the three individuals operated as "authorized representatives of USI Insurance" and were "providing management functions and oversight of USI Insurance business in Louisiana" when they responded to LeBeouf's complaints about

Callais. Doc. 12 at 11; Doc. LeBeouf has not contested this status, but relies on his assertion that the conduct of Collado, Loving, and Zimmerman is attributable to the Anco Defendants, despite the facts that neither LeBeouf nor Callais were Anco employees and Collado, Loving, and Zimmerman were employed by USI Insurance to handle the type of complaints which LeBeouf alleges he made regarding Callais' conduct. Based on the undisputed facts that the "USI Human Resources Team" were USI employees, LeBeouf has failed to show that the Anco Defendants had any role or responsibilities arising from the conduct alleged in his complaint.

Because LeBeouf cannot show a viable theory by which the Anco Defendants are liable on the conduct alleged, these Defendants are not properly joined in this case and must be dismissed.

C. Propriety of Venue

Defendants have also filed two motions to dismiss. Docs. 33 & 38. In their first motion, Defendants request that the Court, pursuant to Rule 12(b)(6), dismiss each of LeBeouf's claims with respect to each Defendant excepting only "Plaintiff's request for a declaration that the covenant not to compete" contained in his 2009 employment agreement is invalid and unenforceable. Doc. 33. In their second motion, Defendants request dismissal of LeBeouf's claim for negligent retention and supervision on the additional ground that this Court lacks jurisdiction to hear the claim, which properly should be governed by Louisiana workers' compensation laws and exclusively heard by the Office of Workers' Compensation in that state. Doc. 38.

Although LeBeouf's motion is almost entirely void of factual assertions supporting his legal claims,[6] the Court declines to rule on Defendants' motions to dismiss pending a

---

[6] LeBeouf's complaint consists almost entirely of legal conclusions or vague allegations. For example, LeBeouf's claims that Callais "intentionally inflicted emotion distress on Shawn LeBeouf by acting intentionally and

determination of the propriety of venue in the Southern District of Texas.

Legal Standard

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391.

There appears to the Court no adequate grounds on which venue is proper in the Southern District of Texas. No remaining Defendants reside in the Southern District, LeBeouf's complaint fails adequately to allege that a "substantial part of the events or omissions giving rise to the claim" occurred in the Southern District, and it appears that this action could be heard, and perhaps properly should be heard, in the Eastern District of Louisiana.

LeBeouf asserts that he resides in Thibodaux, Louisiana, within the Eastern District. Doc. 1-11 at 2. He works in Defendants' Houma office, also within the Eastern District. His supervisor, Donald Callais, also worked in the Houma office and Callais' purported hostile conduct towards LeBeouf took place in that office. Although a provision in LeBeouf's 2003 Employment Agreement contains a venue provision specifying Harris County, Texas, two subsequent and superseding employment agreements (from 2003 and 2009) contain no such

---

recklessly; by engaging in his extreme and outrageous conduct, and by causing Shawn LeBeouf to suffer severe emotional distress." Doc. 1-11 at 5. LeBeouf specifies that Callais "repeatedly routinely belittled, disparaged and demeaned LeBeouf in the presence of others without cause and used profane expletives directed at LeBeouf. . . [and that] Callais repeatedly and routinely berated, yelled, and acted belligerent towards Shawn LeBeouf in a violent and aggressive manner." *Id.* at 5-6. LeBeouf identifies no specific instances of this conduct nor does he state with any particularity the insults, words, or conduct that gave rise to his claims.

provision. Additionally, Defendants have reported that "USI Insurance has sued LeBeouf for breach of his [2009] employment agreement . . . in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana." Doc. 33 at 1-2 n.2 (citing USI Insurance Services, LLC v. Shawn LeBeouf, No. 164440).

It appears to this Court that there few grounds on which to base jurisdiction in this venue and substantial justification to transfer venue to the Eastern District of Louisiana. The Court therefore orders that LeBeouf file a brief setting out the grounds on which venue is proper in this Court, within thirty days of the entry of this order, and that Defendants file a responsive brief no later than thirty thereafter, clarifying its position.

<u>Conclusion</u>

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Shawn LeBeouf's motions to remand this case to state court (Docs. 6 & 25) are **DENIED**. LeBeouf's objection to Defendants' affidavits (Doc. 15) are **DENIED**. Further, the Court

**ORDERS** Plaintiff Shawn LeBeouf to file a brief  addressing the propriety of venue in the Southern District of Texas. Defendants may file a response no later than 30 days after LeBeouf files his motion..

SIGNED at Houston, Texas, this 20th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE